U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 1 2017

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LAURA LATRELL SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-156-A |
| | § | |
| BARRETT DAFFIN FRAPPIER TURNER AND ENGEL, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the notice of removal filed in the above-captioned action by defendant Wells Fargo Home Mortgage. Having reviewed the notice of removal and state court documents attached thereto, the record in a prior case adjudicated by the undersigned between the same parties, and applicable legal authorities, the court concludes that this action should be dismissed on grounds of res judicata.

I.

Background and Facts

Prior to filing the instant action, plaintiff, Laura Latrell Smith ("Smith"), previously initiated another action ("Prior Action") by filing her original petition and an application for temporary restraining order and temporary injunction in the Tarrant County Court at Law No. 1, naming the same defendants as

in the instant action. Defendant Wells Fargo Home Mortgage removed the Prior Action on January 14, 2016, where it was assigned to the docket of this court as Case No. 4:16-CV-022-A. By order signed March 10, 2016, the court ordered plaintiff to file an amended complaint by March 21, 2016. On March 22, 2016, citing plaintiff's failure to file an amended complaint, the court dismissed all of plaintiff's claims against defendants for failure to comply with a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]

Plaintiff initiated the instant action on February 6, 2017, by filing her original petition and an application for temporary restraining order and temporary injunction in the Tarrant County Court at Law No. 1, which was removed by defendant Wells Fargo Home Mortgage to this court on February 17, 2017. In the instant action, plaintiff alleges that she is the owner of property at 1123 Kielder Court in Fort Worth, Texas. Defendants have sought to foreclose on the property.

In the state court petition, plaintiff claims that none of the defendants has any right or authority to foreclose on plaintiff's property. Plaintiff alleges that defendants' purported violations of the Texas Business and Commerce Code, the

---

[1] Dismissal pursuant to Rule 41(b) operates as an adjudication on the merits.

Texas Finance Code, and the Fair Debt Collection Practices Act preclude defendants from attempting to enforce a promissory note and conduct a foreclosure sale. The petition itself does not allege any claims or causes of action; however, plaintiff sought in state court a temporary restraining order and temporary injunction enjoining defendants from conducting a foreclosure sale.

## II.

## Analysis

A. <u>Applicable Legal Principles</u>

<u>Res judicata</u> is a defense that generally must be affirmatively pleaded. <u>Carbonell v. La. Dep't of Health & Human Res.</u>, 772 F.2d 185, 189 (5th Cir. 1985). However, "[i]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action <u>sua sponte</u>, even though the defense has not been raised." <u>Arizona v. California</u>, 530 U.S. 392, 412 (2000). Dismissal is proper when a plaintiff's complaint conclusively establishes the affirmative defense of <u>res judicata</u>, even if a defendant has not raised the defense, when both actions were brought in the same district. <u>Carbonell</u>, 772 F.2d at 189 (5th Cir. 1985).

Under Fifth Circuit law, "<u>res judicata</u> is the 'venerable legal canon' that insures the finality of judgments and thereby

conserves judicial resources and protects litigants from multiple lawsuits." Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004) (quoting United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994)). Under res judicata, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005). The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action. Nilsen v. City of Moss Point, 701 F.2d 556, 561 (5th Cir. 1983).

B.  Application of Law to This Action

The court concludes that it is readily apparent from the face of the petition that the elements of res judicata are met, and that this action must be dismissed.

In this case, all four elements of res judicata are satisfied. First, the same plaintiff has brought an action against the same two defendants in this action and in Case No. 4:16-CV-022-A. Second, the judgment in Case No. 4:16-CV-022-A was rendered by a judge of this court, which is a court of

competent jurisdiction.  Third, Case No. 4:16-CV-022-A was concluded by a final judgment on the merits, as all claims and causes of action in that action were dismissed for failure to comply with a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Fourth, the petition in the instant action is virtually identical to the petition in Case No. 4:16-CV-022-A, to the point that the same typographical errors appear in both.  The petition in the instant action merely changes the date of the foreclosure sale from January 5, 2016 to February 7, 2017, and typewrites certain previously handwritten sections.[2]

All of the required elements having been met, the court concludes that <u>res judicata</u> bars the instant action.

### III.

### Order

Therefore,

The court ORDERS that the complaint of plaintiff, Laura Latrell Smith, against defendants, Barrett Daffin Frappier Turner

---

[2] It is theoretically possible that the February 7, 2017 foreclosure would present a legal issue not raised as to the January 5, 2016 foreclosure; however, here, plaintiff raises identical dispositive issues in both actions, which would cause the action to be similarly barred under the doctrine of collateral estoppel.

and Engel and Wells Fargo Home Mortgage, be, and is hereby, dismissed with prejudice.

    SIGNED March 1, 2017.

                                  _____
                                  JOHN McBRYDE
                                  United States District Judge